[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a limited contested dissolution of marriage action which was tried by the Court in the judicial district of Hartford. Both parties appeared through counsel. The case was filed on April 17, 2000 with a return date of May 2, 2000. The hearing took place over approximately 2 days beginning on August 20, 2002.
The Court finds that service was properly made, and jurisdiction was established. The Court finds that the plaintiff under the maiden name of Ilene Susan Tulin was married to Raymond A. Gasperini, Jr. in Hartford, Connecticut on January 4, 1975. As a result of the marriage the parties had two children, Michael A. Gasperini who has reached the age of majority as of July 5, 1983 and Rachel Sara Gasperini who was born on March 30, 1986. No other children were born to the parties, and neither party received assistance from the State of Connecticut during the course of the marriage.
The Court finds that the marriage of the parties has broken down irretrievably. The marriage is hereby dissolved.
The Court has considered the criteria of the Connecticut General Statutes with respect to custody, support, alimony and division of property. In reviewing those statutes as well as the evidence submitted, the Court makes the following findings and orders.
The plaintiff, Ilene Gasperini, at present is 50 years of age. Her health is generally good, however, she takes medication for what she describes as mild depression. She also undergoes periodic periodontal care. Her educational background is that she completed high school and 2 years of art school. She has not received any advanced degrees, and has never worked in the art field. She met her husband in the `70s, and as mentioned above, they were married in 1975. At the time of her marriage, she was employed by the federal government in water testing. Upon the birth of her children in 1983 and subsequently in 1986 she worked both CT Page 12478 times up to the birth and returned to work soon after the birth of the first child. She took a brief hiatus from work for 2 years after the birth of her second child, otherwise, Mrs. Gasperini has worked throughout the course of the marriage of the parties. Mrs. Gasperini provided the bulk of the child care, especially during the infancy of the children.
The defendant, Raymond A. Gasperini, Jr., is 49 years of age and in good health. He has a bachelors degree in accounting and a masters degree in health care administration. The majority of his higher education was finished during the time that the parties were married. Mr. Gasperini's work history includes employment in a car dealership, as a clerk and gas station attendant. He worked for an accounting firm upon the granting of his degree for some 7 years. Subsequently, he worked as an accountant in Avon and eventually accepted a position as the comptroller of Waterbury Hospital. From that job, he accepted a position with Church Homes, Inc. where he is the chief financial officer. He has held that position since 1988.
The parties purchased and owned two homes together, and performed a substantial amount of improvements in both homes. Currently, they own a home located at 6 Colby Court in Simsbury, Connecticut. The fair market value of that home as of the time of this dissolution is $365,000. There is a mortgage outstanding in the amount of $176,486. At present, the plaintiff, Mrs. Gasperini, lives in said home with the two children of the marriage. The defendant had moved out of the home approximately one year ago. He lives alternatively on the boat belonging to the parties and in a small rental apartment, depending on the season.
The defendant reports his current gross income as $165,620. The bulk of that income is from his employment at Church Homes, Inc. The plaintiff shows her gross income as $24,700 per year. Presently, and for the last several years she has been employed as an insurance payment processor for a medical doctor. The plaintiff works approximately 32 to 34 hours a week and does not receive medical insurance as a benefit of her employment.
There is evidence of fault on the part of the defendant. That evidence is minimally compelling.
The following orders shall enter:
The custody of the minor child, Rachel, shall be held jointly by the parties. Visitation shall be by arrangement of the parties with the consent of the minor child. The defendant shall pay the sum of $330 per week as child support to the plaintiff. In addition, he shall maintain CT Page 12479 medical insurance for the benefit of the minor child as is currently available through his employment. The defendant shall also pay 73% of any unreimbursed or uninsured necessary medical expenses for the minor child. The plaintiff shall pay 27% of any corresponding expense.
The defendant shall maintain the plaintiff on his medical insurance pursuant to the provisions of COBRA at his expense for a period of one year. Thereafter, the plaintiff shall have the right to elect coverage under the defendant's policy at her expense pursuant to the provisions of COBRA.
The defendant shall pay alimony to the plaintiff in the amount of $800 per week. Said alimony shall be payable until the plaintiffs 65th birthday. The alimony shall not be modifiable as to term.
The defendant shall quitclaim any right, title and interest in real estate known as 6 Colby Court, West Simsbury, Connecticut to the plaintiff. Said property shall be subject to the existing mortgage. The plaintiff shall pay any and all expenses associated with that property including, but not limited to mortgage, taxes, insurance and maintenance. She shall hold the defendant harmless as to any and all such expenses. The plaintiff shall make reasonable efforts to refinance the property so as to remove the defendant's name from the mortgage. She shall furnish evidence of a good faith effort at refinancing on an annual basis until such time as said refinancing is accomplished, or the property is sold or the present mortgage otherwise removed.
The plaintiff shall transfer to the defendant any and all right, title and interest she may have to the defendant in the 1993 Silverton Boat and the Zodiac Boat with outboard motor. The defendant shall assume the loan (s) corresponding to the boat (s) and hold the plaintiff harmless thereon.
The defendant shall maintain the life insurance as is currently in effect for the benefit of the plaintiff for such time as he is under a continuing obligation to pay alimony and/or child support. Proof of the insurance and documents related to the policy of insurance shall be provided to the plaintiff on an annual basis.
Each party is to pay the respective debts listed on their financial affidavit.
The plaintiff shall retain her ownership in the Solomon Smith Barney IRA listed on her financial affidavit. CT Page 12480
The defendant shall convey to the plaintiff $38,000 of his Solomon Smith Barney IRA, and he shall retain the balance.
The CHI pension as listed on the defendant's financial affidavit shall be divided equally between the parties. Value to be determined as of date of division. A qualified domestic relations order shall be prepared if necessary.
The defendant shall retain his Great American 403b account as listed on his financial affidavit.
The plaintiff shall retain the funds claimed by the defendant as overpayment of child support.
The parties shall each retain their respective savings and checking accounts and such other accounts listed on their financial affidavit not specifically divided or conferred by this order.
The parties shall each retain the motor vehicle currently in their possession. Any loans secured by said vehicles shall be paid by the corresponding party and each party shall hold the other harmless with respect to any loan, tax, repair, or other obligation as to said vehicles.
The defendant shall retain his gun collection and his woodworking tools. The defendant shall also retain the Kenwood CD player, Kenwood receiver and the API stereo receivers. The 50" Mitsubishi television shall be retained by the plaintiff. Other items of personal property shall be divided according to the list of personal property in the agreement submitted by the parties.
Each party is to pay their respective counsel fees.
Robaina, J. CT Page 12481